Dear Mr. Knoll:
Your opinion request on behalf of the Avoyelles Parish Police Jury, asked if a portion of the salary required to be paid to the clerks of court for the Bunkie and Marksville City Courts could be paid out of the Twelfth Judicial District Criminal Court Fund.
Initially we must look to the statute creating the City Court of Marksville, namely La. R.S. 13:2488.51. That statute created the clerk of courts office among others. La. R.S. 13:2488.55 reads as follows in part:
Salaries of clerk and deputies
 A. The salaries of the clerk and of the deputy clerks, if any, shall be paid in equal proportions by the town of Marksville and the parish of Avoyelles.
Therefore the salary is divided equally between the town and parish. The above statute applies to Marksville.
Payment for salaries of clerks of court in general is provided in La. R.S.13:1888 which reads in pertinent part as follows:
 A. The salary of the clerks and of the deputy clerks, if any, may be fixed and paid in equal proportions by the respective governing authorities of the city and parish where the court is located . . .
One half of the salary in question is the responsibility of Avoyelles Parish.
The question presented is, can that portion of those salaries owed by the parish be paid out of the Twelfth Judicial District Criminal Court Fund. To answer that question we must look to La. R.S. 15:571.11 entitled Disposition of fines and forfeitures which creates the Criminal Court Fund. That statute in section A lists items which may be paid out of the fund, those generally are expenses of the criminal courts, expenses relating to the trial of indigent persons and other expenses listed therein none of which relate to the payment of the salaries of clerks of the city courts. Section A deals with "all fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court." These fees are not ear-marked for the payment of clerk's salaries.
Section (2) of R.S. 15:571.11 reads as follows:
 (2) All fines and forfeitures imposed by district courts and collected by the sheriff or executive officers of the court for violations of municipal ordinances shall be disbursed as follows:
 (a) Twelve percent thereof shall be remitted to the office of the district attorney;
 (b) Twelve percent shall be remitted to the sheriff's general fund and;
 (c) The remainder shall be transmitted to the municipality for deposit in its treasury.
Municipality is defined in the Louisiana Constitution of 1974 in Article VI
S. 44 (3) as follows:
(3)"Municipality" means incorporated city, town, or village.
Therefore the funds from section (2) go to the town not the parish police jury and are not available for the salaries of clerks of court.
Section C(1) of R.S. 15:571.11 reads as follows:
 C(1) One-half of any surplus remaining in the special account or fund on December 31 of each year shall be transferred to the parish general fund. No money shall be paid out of the special account except upon order or warrant of the district Judge and district attorney as above provided.
Once the money (1/2 of surplus) is paid out of the special account or "Criminal Court Fund" into the parish general fund on order of the district judge or district attorney that money is available for general parish purposes and one of those purposes is the payment of 1/2 of the salary of the Clerks of the City Court, see La. R.S. 13:2488.55 and La. R.S. 13:1888. These available funds are limited to the one half (1/2) of the surplus on December 31 of each year specified in section C(1) of R.S. 15:571.11.
Considering the above, it is the opinion of this office that the salary of the Clerks of the City Courts of Marksville and Bunkie may be paid by the Parish Police Jury out of the surplus (1/2 portion) of the Criminal Court Fund that is transferred from that fund to the Parish General Fund after December 31 of each year. Otherwise, those salaries are not payable out of that fund by the parish in that those funds are dedicated to other purposes.
We trust the foregoing has been helpful and remain,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General